# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE DEON SHOTWELL, JR., | CASE NO. 1:11-CV-00315-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| G. J. GIURBINO, et al., | (DOC. 1) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |
| _____/ | |

**Screening Order**

**I.      Background**

Plaintiff Prince Deon Shotwell, Jr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on October 22, 2010 in the Northern District of California.  Doc. 1.  The case was transferred to the Eastern District of California on February 24, 2011.  Doc. 7.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1

1   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2   appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

3   1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the

5   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

8   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

9   matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

10  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary Of Complaint

12      Plaintiff was previously incarcerated at California Substance Treatment Facility

13  ("SATF") in Corcoran, California, and Wasco State Prison ("WSP") in Wasco, California.

14  Plaintiff names as Defendants G. J. Giurbino, a director of CDCR; K. Allison, warden at SATF;

15  S. Musgrove, Ph.D. at SATF; Sharekia A. Noldon at WSP; and Kimberly Donaville.

16      Plaintiff alleges the following. Defendant Sharekia A. Noldon filed suit for child support

17  against Plaintiff. Defendant Noldon is the mother of Plaintiff's daughter. Plaintiff was unable to

18  appear at the proceeding because of his incarceration. The proceeding was dismissed.

19      Plaintiff complains of a mind map that was placed on him by CDCR officials. Plaintiff

20  contends a conspiracy by Defendants Donaville and Noldon regarding the mind map. Plaintiff

21  contends that Defendant Musgrove interviewed him regarding the mind map. Plaintiff contends

22  that Defendants Giurbino and Allison are liable under a supervisory liability theory.

23      Plaintiff seeks declaratory and injunctive relief, and monetary damages.

## III.   Analysis

25      Plaintiff alleges a violation of the Fourteenth Amendment regarding the mind map.

26  However, Plaintiff's allegations are not plausible. As explicitly stated by the United States

27  Supreme Court, only claims which are plausible on its face meet the standard required under

28  Federal Rule of Civil Procedure 8(a)(2). *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial

1  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2  inference that the defendant is liable of the misconduct alleged."); *see also Moss v. United States*

3  *Secret Serv.*, 572 F.3d 962 969 (9th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949).  There is no

4  reasonable inference to be drawn from an allegation of a mind map to indicate any liability by

5  any Defendants.

6       Plaintiff appears to allege supervisory liability against certain defendants.  The Supreme

7  Court emphasized that the term "supervisory liability," loosely and commonly used by both

8  courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may

9  not be held liable for the unconstitutional conduct of their subordinates under a theory of

10 respondeat superior."  *Id.* at 1948.  Rather, each government official, regardless of his or her title,

11 is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each

12 Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights.  *Id.*

13 at 1948-49.  Thus, a supervisor is only liable for constitutional violations by subordinates if the

14 supervisor participated in or directed the violations, or knew of the violations and failed to act to

15 prevent them.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).  As

16 Plaintiff fails to allege any plausible pleading, Plaintiff fails to state a cognizable supervisory

17 liability claim.

18      Plaintiff's allegations regarding the child support hearing are nonsensical.  To state a

19 claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law

20 and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v.*

21 *County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  It is unclear who Defendant

22 Noldon or Donaville are, or what exactly they did to violate Plaintiff's rights.

23      The Court does not find that Plaintiff will be able to allege any new pleadings to cure the

24 deficiencies in his complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

25 Accordingly, the Court will dismiss this action with prejudice, and without leave to amend.

26 **IV.   Conclusion And Order**

27      Based on the foregoing, Plaintiff fails to state any claims upon which relief may be

28 granted under 42 U.S.C. § 1983.  The Court finds that Plaintiff should not be granted additional

1  leave to amend.

2        Accordingly, the Court HEREBY ORDERS the following:

3      1.      Plaintiff's action is dismissed, with prejudice, for failure to state any claims upon

4            which relief may be granted under 42 U.S.C. § 1983; and

5      2.      This dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

6    IT IS SO ORDERED.

7      **Dated:**  **May 6, 2011**        /s/ **Dennis L. Beck**

8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28